# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUNES ABDULLAH,<br><br>                    Petitioner,<br><br>          v.<br><br>WARDEN OF THE GOLDEN STATE<br>ANNEX DETENTION FACILITY, et al.,<br><br>                    Respondents. | Case No. 1:26-cv-01059-KES-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO<br>GRANT PETITION FOR WRIT OF<br>HABEAS CORPUS |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a citizen of Turkey. (ECF No. 1 at 5.[1]) The petition alleges that Petitioner was arrested by "ISAP (ICE)" after he was called in for a check-in despite having "remained in full compliance with immigration authorities." (Id. at 6.)

On February 6, 2026, Petitioner filed a petition for writ of habeas corpus, raising a prolonged detention due process claim. (ECF No. 1.) The Court "construed [the petition] as raising claims challenging Petitioner's re-detention and the statutory authority of Petitioner's detention" and ordered Respondents to "address[] whether this case is distinguishable from those

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

cases in which this Court has granted habeas relief." (ECF No. 5 at 1, 2 (emphasis deleted).) On March 3, 2026, Respondents filed a response and "submit that there are no additional facts or legal arguments differentiating Petitioner's case from prior cases before this Court and do not oppose judgment on the Habeas Corpus petition." (ECF No. 9 at 1.)

**II.**

**DISCUSSION**

The Court finds that issuance of findings and recommendation is appropriate despite the time for Petitioner to file a reply to Respondents' response having not yet expired.

Respondents argue that the petition should be denied because Petitioner is "an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)" and "Petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress." (ECF No. 9 at 1, 2.) Such arguments have been rejected by this Court in numerous previous decisions. See, e.g., Clene C.D. v. Robbins, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); R.A.N.O. v. Wofford, No. 1:25-cv-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); Bilal A. v. Wofford, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); Elmer Joel M. C. v. Wofford, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); Omer G. G. v. Kaiser, No. 1:25-cv-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025); W.V.S.M. v. Wofford, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions set forth above, the Court recommends granting the petition for writ of habeas corpus on the construed due process claim challenging Petitioner's re-detention for the reasons addressed in those prior orders.[2]

Alternatively, Respondents argue that the Court should hold the matter in abeyance pending the Ninth Circuit's resolution of Rodriguez Vazquez v. Bostock, No. 25-6842. (ECF No.

---

[2] In light of this conclusion, the Court declines to address Petitioner's prolonged detention claim.

9 at 2.) In Rodriguez Vazquez v. Bostock, 802 F. Supp. 3d 1297 (W.D. Wash. 2025), the district court granted summary judgment "to the Bond Denial Class on their claims that their detention under 8 U.S.C. § 1225(b)(2) is unlawful." Id. at 1336. The Bond Denial Class is defined as:

> [A]ll noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

Rodriguez Vazquez, 802 F. Supp. 3d at 1336. The district court declared "that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)" and that "the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act." Rodriguez Vazquez, 802 F. Supp. 3d at 1336.

Although the Ninth Circuit's resolution of Rodriguez Vazquez may provide guidance on the application of 8 U.S.C. §§ 1225 and 1226, the Court is skeptical the decision will impact the Court's conclusion that Petitioner has a protected liberty interest that arises from his prior release from immigration custody. Accordingly, the Court will recommend that Respondents' alternative request hold the matter in abeyance pending the Ninth Circuit's resolution of Rodriguez Vazquez v. Bostock be denied.

## III.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be GRANTED on the construed due process claim challenging Petitioner's re-detention.

2. Respondents be directed to release Petitioner immediately.

3. Respondents be enjoined and restrained from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

///

3

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 5, 2026**

STANLEY A. BOONE
United States Magistrate Judge